IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES ST. LOUIS, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 06-682-SLR ) |
| OFFICER JAMES MICHAEL WILSON, LAUREN HATCHER, MELANIE WITHERS and BUSTER RICHARDSON, | ) ) ) ) |
|     Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 14th day of December, 2006, having screened the case pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that the complaint is dismissed as frivolous and malicious, and as barred by the applicable limitation period pursuant to 28 U.S.C. § 1915 and § 1915A, for the reasons that follow:

1. **Background**. Plaintiff James St. Louis, an inmate at the Delaware Correctional Center ("DCC"), filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and has been granted leave to proceed in forma pauperis.

2. Plaintiff was convicted of rape in the first degree and continuous sexual abuse of a child. His conviction and sentence were affirmed on direct appeal. St. Louis v. State, 798 A.2d 1042 (Table), 2002 WL 1160979 (Del. May. 24, 2002). Also, his motion for post-conviction relief was denied and the ruling was affirmed by the Delaware Supreme Court. State v. St. Louis, 2004

WL 2153645 (Del. Sept. 22, 2004); St. Louis v. State, 869 A.2d 328 (Table), 2005 WL 528675 (Del. Mar. 1, 2005). Plaintiff also filed a 28 U.S.C. § 2254 petition seeking habeas corpus relief and it, too, was denied. St. Louis v. Carroll, 429 F. Supp. 2d 701 (D. Del. 2006).

3. In the midst of seeking to have his conviction overturned, on January 25, 2005, plaintiff filed a 42 U.S.C. § 1983 lawsuit similar to the current lawsuit. See St. Louis v. Wilson, Civ. No. 05-038-SLR, 2005 WL 2217012 (D. Del.) The complaint named a number of defendants, including the four in the present case, and challenged the legality and propriety of his arrest, conviction, sentence, confinement, and prison classification. Plaintiff alleged that the arrest, prosecution, and trial were replete with errors made by police investigators, judges, prosecutors, and his public defenders. He also challenged the veracity of the minor victim and alleged that social services personnel coerced the victim into fabricating the charges. The complaint was dismissed on the basis that plaintiff could not challenge his conviction under § 1983, and that the claims were frivolous.

4. In the present case, plaintiff alleges that defendants violated the Delaware constitution and statutes, which in turn violated his constitutional rights under the Fourth, Sixth and Fourteenth Amendments. Plaintiff alleges that he was arrested in

September 2001 and that, two days later, the alleged victim was taken to the Child Advocate Center where she was interviewed. Plaintiff alleges that the interview was videotaped without his or his defense counsel's knowledge. He also alleges that those present at the interview did not abide by Delaware statute 3511 and, thus, violated his constitutional rights.

5. **Standard of Review**. When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

6. A complaint is malicious when it "duplicates allegations of another pending federal lawsuit by the same plaintiff." Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993); see also Banks v. Gillie, Civ. Act. No. 03-3098, 2004 U.S. Dist. LEXIS 5413, at *9 (E.D. La. Feb. 25, 2004) (duplicative and repetitive complaints are considered malicious for purposes of § 1915);

McGill v. Juanita Kraft Postal Serv., No. 3:03-CV-1113-K, 2003 WL 21355439, at *2 (N.D. Tx. June 6, 2003) (complaint is malicious when it "'duplicates allegations of another pending federal lawsuit by the same plaintiff' or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation") (quoting Pittman v. Moore, 980 F.2d at 994-95).

7. The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

8. **Discussion.** Initially, the court notes that the videotaping issue now raised was previously raised and addressed by the courts in plaintiff's post-conviction and habeas corpus petitions. As noted above, in both instances relief was denied. Having said that, to the extent that plaintiff is again challenging his conviction, his sole federal remedy for

challenging the fact or duration of his confinement is by way of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973). He cannot recover under § 1983 for alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey, 312 U.S. 477, 487 (1994). Here, plaintiff's conviction and sentence were upheld on direct appeal, his post-conviction petition was denied, and his § 2254 habeas corpus petition was also denied. Therefore, his claim is frivolous under 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

9. **Malicious**. After reviewing the allegations in the present case and the allegations in Civ. No. 05-038-SLR, the court finds the current action is malicious, as that term is defined in the context of § 1915. Plaintiff names the same defendants, and both complaints contain many of the same allegations, all within the same time-frame. Clearly, the present complaint duplicates allegations of another pending federal lawsuit that plaintiff filed. Additionally, any claims newly raised in the present complaint arise out of a common nucleus of operative facts that could have been brought in the prior litigation in Civ. No. 05-038-SLR.

10. **Statute of Limitations.** There is a two year statute of limitations period for § 1983 claims. See Del. Code Ann. tit. 10, § 8119; Johnson v. Cullen, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when plaintiff knows or has reason to know of the injury that forms the basis of his or her cause of action." Id. Claims not filed within the two-year statute of limitations period are time-barred and must be dismissed. See Smith v. State, Civ. No. 99-440-JJF, 2001 WL 845654, at *2 (D. Del. July 24, 2001). The complaint alleges that plaintiff was arrested in September 2001 and, two days later, the alleged constitutional violations occurred during the videotaping of the interview of the alleged victim. The complaint was filed on November 6, 2006, over five years after the expiration of the two year limitations period.

11. The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P., 435 F.3d 396, 400 n.14 (3d Cir. 2006); Fassett v. Delta Kappa Epsilon, 807 F.2d 1150, 1167 (3d Cir. 1986). "[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, sua sponte dismissal under 28 U.S.C. § 1915 is permissible." Wakefield v. Moore, No. 06-1687,

2006 WL 3521883, at *1 (3d Cir. Dec. 7, 2006) (citing Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006)).  It is evident from the face of the complaint that plaintiff's § 1983 action is barred by the two year limitations period.  Therefore, the complaint is dismissed pursuant to 28 U.S.C. § 1915.

12.  **Conclusion.**  Based upon the foregoing analysis, the complaint is dismissed without prejudice as frivolous, malicious, and as barred by the applicable limitations period pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).  Amendment of the complaint would be futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d. Cir. 1976).

_____
UNITED STATES DISTRICT JUDGE