In the United States District Court
for the District of Delaware

James St. Louis,
    plaintiff
v.
Officer J Michael Wilson,
Lauren Hatcher, Melanie
Withers and Buster Richardson

Civil Act. #
06-682 SLR

FILED
JAN - 3 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Motion to
redress
issue

James St. Louis hereby petitions the court for review of decision and complaint issued the 14th day of December, 2006. The following request is made under the ruling of Scheuer v Rhodes 94 SCt. 1683 which says it is not "unfair" or "malicious" or "frivolous" to hold liable the officials who know or should know she/he is acting outside the law, and that insisting on an awareness of clearly established constitutional limits will not unduly interfere with the exercise of official judgement. And that an official who violates the constitutional rights of a plaintiff with actions of malicious intention [must] be held accountable.
Also Article XIV section I: all

(1)

persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. [NO STATE] shall make or enforce [any] law which shall abridge the privileges or immunities of citizens of the United States [NOR SHALL] any state [DEPRIVE] any person of life, liberty, or property [WITHOUT] due process of law, not deny any person within its jurisdiction the equal protection of the laws and Constitution.

    Plaintiff also argues these issues for the following reasons.

    #1. In response to #8 on "frivolous" actions. Yes plaintiff conceed that the 2005 petition challanged the overturn of petitioners conviction. [BUT] this petition does [NOT] challange on that issue. With respect to the judge petitioner made it perfectly clear he was challenging the procedures, which were illegal, that were used to convict him. Petitioner specifically used, as you can see on page 3 of his initial petition, where he refers to Maryland v Craig 110 SCt. 3157 and the courts references to 3511 and Delaware and how important it was to protect the petitioners rights and how Delaware initialed

(2)

3511 to guarantee a defendant his rights to due process and a fair trial. He also discusses the integrity needed in factfinding and how people especially children can be manipulated without these statues and rules. Petitioner quotes many Supreme Court cases showing the importance of confrontations at [all] critical stages and how the court said video taping of testimonial statements are a critical stage which Delaware addressed in 11 Del C 3511 guaranteeing a defendant his constitutional and state rights to due process and fair treatment.

#2 Judge Robinson quoted Heck v Humphrey as a showing of "malicious" and duplicates allegations of another pending federal lawsuit already filed in #8 and #9. Yes there are duplications [but] to a certain point. Petitioner in previous cases was arguing for overturn of conviction. In Carey v Pephus 435 US 247, 98 S.Ct. 1042 it says when defendant argues [procedures] involving violations of constitution he is entitled to damages under 1983 even if defendant is [NOT] seeking a wrongful conviction also see section 6 of Act 17 Stat 15  42 USC 1986.

#3 Addressing #10, Statue of Limitations claim. This arguement has been addressed by many courts. The 4th Circuit will not put a statue of state limitations on a constitutional violation. Equitable estoppel doctrine applied to inmates 1983 claim against prosecutor and police officer arising from allegations of extra judicial conspiracy to deny him a fair trial 11 years before inmate filed his claim and, thus, statue of limitations was extended until inmate could have reasonably found out about conspuacy Dory v Ryan 999 F2d 679. Inmate in Texas had colorable claim in tolling rule which operates to toll running of statue of limitations in cases where state prisoner was required to exhaust state administration remedies before proceeding with claim in federal court operated to toll limitations periods on 1983 claims against prison officals until prisoner had exhausted those proceedings Jartrell v Jaylor 981 F2d 254
   In Harden v Straub 109 SCt 1998 Concluded that a federal doctrine of equitable tolling would apply to the 1983 Cause of action while state challenges to conviction or sentence were being exhausted.

(4.)

In petitioners case state proceedings did [NOT] stop in 2001 but began in 2001 and ended in 2005 which means less than 2 years has passed between petitioners final actions with state relief and his 1983 claim.

James St. Louis
446518
1181 Paddock d.
Smyrna De.
19977

#4 Another argument just realized via ACLU. The Supreme court in Brady v Maryland 356 FS 2d 556 has elucidated the Brady materiality standard as follows " The touchstone of materiality is a 'reasonable probability' of a different result, and objective is important [THE QUESTION IS [NOT] whether the defendant would more likely than not have received a different verdict with the evidence [BUT] whether in its absence he received a "FAIR TRIAL." " Slutzker 393 F3d @387 quoting Kyles v Whitly 514 U.S. 419. In petitioners case ACLU attorney informed him that absence of procedure for collecting evidence and chance that it affected the trial with tainted statements without their knowledge before verdict was a Brady violation, Constitutional due process violation, which would not accrue until knowledge by petitioner or under 1 (ONE) month. Again petitioner is not arguing wrongful conviction [BUT] illegally obtained statements in violation of 11 Del C 3511 and non acknowledgement to jury causing a Brady violation. The 3rd Circuit in a number of cases has said a claim accrues in a federal cause of action as soon as a claimant is aware

⑥

of and source of injury, [NOT] when the potential claimant knows or should know that the injury constitutes a legal wrong. See United States v Kubrick 100 S.Ct 352; Sandutch v Muroski F2d 252 254 (3rd Circuit) Lee v United States 809 F2d 1406, 108 S.Ct. 772.

Citing and quoting Edwards v Sotomayor 557 F.S. 209, 217, the court reiterated that "once the violation of a claimant's federal constitutional rights is apparent, the federal cause of action accrues and there is [no] need to adopt a state accrual standard immersed in state requirements for a tort of malicious prosecution". see e.g. Rose v Bartle 692 F.S. @ 529

Seeing that petitioner first realized the Brady violation due to procedural violations within the last month, then accrual should start then for federal constitutional violations. see Genty v Resolution Trust Corp. 937 F2d 899 (3rd Circuit)

(7)

Certificate of Service

I hereby certify that on December 27, 2006 I mailed a motion to redress with the clerk of this court. I also hereby certify that on December 27, 2006 I mailed via United States Service a copy of same document to the following participant. [Civil act # 06-682 & 06-641]
                                                        SLR        SLR

Elizabeth McFarlan
Deputy Attorney General
Department of Justice
820 N. French St.
Wilmington De 19801

James L. Lewis
#31 446518
1181 Paddock d.
Smyrna De.
19977

I/M James St. Louis
SBI# 446518  UNIT: Delta East (F-17)
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977



Legal Mail

Office of the Clerk
United States District Court
Lockbox 18
U.S. Courthouse
844 King St.
Wilmington, Delaware
19801

Legal Mail