United States District Court
District of Delaware

James St. Louis  }  Civil Action
   plaintiff  }  # 06-682 SLR
   v
Officer J Michael Welson  }  petition for
Lauren Hatcher, Melanie  }  appointment of
Withers and Buster Richardson  }  counsel

James St. Louis hereby petitions the court for appointment of counsel for the following reasons

FILED
JAN - 3 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE
BD scanned

James St. Louis
#31 446518
1181 Paddock Rd
Smyrna De.
19977

Motion for Appointment of Counsel

1. factual complexity

2. plaintiff ability to investigate
The plaintiff is locked up in segregation and has no ability to investigate the facts. ie. he is unable to identify, locate and interview witnesses see Tucker v Randall 948 F2d 388 / Gatson v Coughlin 679 F.Supp 270 Armstrong v Snyder 103 FRD 96.105 In addition this case will require considerable discovery concerning the identity of witnesses, the officer and his reports and statements made and history of those involved with like reports, see Tucker v Dickey 613 F Supp 1124, 1133-34 (need for discovery supports appointment of counsel)

3. Conflicting testimony - the plaintiffs account of his happenings is squarely in conflict with statements elicitated by officials. This aspect of the case will be a credibility contest between the defendant and the plaintiff (and such inmate witnesses as can be located) the existence of these credibility issues support the appointment of counsel see Gatson v Coughlin 679 FS

270, 273

4. The ability of the indigent to pursue claim

The plaintiff is an indigent prisoner with no legal training. A factor that supports the appointment of counsel see Whisenant v Yam 739 F2d 160, 163. In addition he is confined to segregated housing and limited to legal materials see Rayes v Johnson 969 F 2d 700, 703-04. (citing lack of ready access to a law library as a factor supporting appointment of counsel.

5. legal complexity

The plaintiff has asked for a jury trial, which requires much greater legal skills than the plaintiff has or can develope. see Abdullah v Gunter 949 F2d 1032, 1036 (citing jury demand as a factor supporting appointment of counsel.

6. merits of the case the plaintiff alledges if proved clearly would establish a constitutional violation.

7. In deciding whether to appoint counsel for an indigent litigant the Court should consider the factual

complexity of this case; the ability of the indigent to investigate the facts; the existence of conflicting testimony; the ability of the indigent to present his claim and the complexity of the legal issues) (see Abdullah v. Gunter 949 F2d 1032)

In addition, courts have suggested that the most important factor is whether the case appears to have merit see Cooper v. A Sargenti Co. Inc. 877 F2d 170, 173

Wherefore, for the forgoing reasons, the court should grant the plaintiff motion and appoint counsel in this case.

I declare under penalty of prejudice that the foregoing is true and correct.

James L. Lewis
SBI # 446518
Delaware Correctional
1181 Paddock Road
Smyrna De.