In United States District Court
state of Delaware

| | |
|---|---|
| James St. Louis<br>plaintiff<br><br>Officer J Michael Wilson<br>Lauren Hatcher, Melanie<br>Withers and Buster<br>Richardson | Civil Action<br># 06-682 SLR<br><br>motion to warrant<br>extension of the<br>statue of limitations<br>via equitable<br>tolling |

James St. Louis hereby petitions the Court for motion to warrant an extension of the statue of limitations via equitable tolling to be decided with petition submitted the 14th day of December 2006 which also contained pertinent information in respect to this motion.

James St. Louis
446518
Pro Se
1181 Paddock Rd
Smyrna De.
1/14/2007

FILED
JAN 18 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Scanned

(1)

## Arguement

Under 42 S 1983 [1207] it says Procedural due process violations is not complete unless and until state fails to provide due process; state may cure procedural deprevation by providing later procedural remedy, and only when state refuses to do so does Constitutional violation actionable under S1983 arise. Jackson v City of Stone Mountain 232 FS 2d 1337. (also see Zinermon v Burch 110 S.Ct. 975)

Also 3rd Circuit said in Oshiver v Lewin 38 F 3d 1380, 1387 that "Equitable tolling functions to stop the statue of limitations from running where the claims accural date has already passed can be appropriate for 3 reason. The 3rd is 'where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum'"

And in Burnett v N.Y. Central RR 85 S.Ct 1050, the supreme court said "statue of limitations are primarily designed to assure fairness to defendants. Such statues promotes justice by

preventing "surprise" through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded and witnesses have disappeared Id @ 428   55 A.Ct. 1050. To be sure this 'policy of repose, designed to protect defendants may be outweighed "where the interest of justice requires vindication of the plaintiff's rights in cases where the plaintiff has [NOT] slept on those rights'".

In case at hand plaintiff has filed cases in Delaware's Superior and Supreme Courts and was active in state courts until 2005 giving the state a chance to cure procedural violations and he was denied. The above cases indicate that tolling should and must comply also see Miller v N.J. Dept't of Correction 145 F.3d 616, 618-19 (3rd Cir) showing diligence in investigating and bringing the claims as done in state courts in case at hand. In the least the case at hand should fall in terms of "basic fairness" which almost 2 centuries ago favored the plaintiff. Coffin v Cottle 33 Mass. 383, 385-86; or should at least

3

Certificate of Service

I hereby certify that on January 17, 2007, I filed a Motion to extension of Statue of limitations with the clerk of this court. I also hereby certify that on January 17, 2007, I mailed by United States Service two copies of the same document to the following participant

Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington De. 19801

James St. Louis
SBI No. 446518
Delaware Correction of Center
1181 Paddock Road
Smyrna, De. 19977

I/M James St. Louis
SBI# 344518 UNIT Medlla-East (F-17)
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Legal Mail

Clerk of United States District Court
Lockbox 18
844 King Street
Wilmington Delaware
19801

U.S. Mail Legal
X-RAY Mail