IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES ST. LOUIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-682-SLR |
| | ) |
| OFFICER JAMES MICHAEL WILSON, | ) |
| LAUREN HATCHER, MELANIE | ) |
| WITHERS and BUSTER RICHARDSON,) | |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 16th day of April, 2007, having considered plaintiff's pending motions;

IT IS ORDERED that the motions (D.I. 7, 8, 9, 10) are **denied** and the case remains **closed** for the reasons that follow:

1. **Background.** Plaintiff, an inmate housed at the Delaware Correctional Center ("DCC"), filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (D.I. 2) On December 18, 2006, following screening by the court, the complaint was dismissed without prejudice as malicious, and as barred by the applicable limitation period. (D.I. 7) Plaintiff had filed a similar lawsuit in Civ. Action No. 05-038-SLR against a number of defendants, and challenged the legality and propriety of his arrest, conviction, sentence, confinement, and prison classification.

2. **Standard of Review.** The standard for obtaining relief under Rule 59(e) is difficult for plaintiff to meet. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v.

Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

    3. A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. See Glendon Energy Co. v. Borough of Glendon, 836 F.Supp. 1109, 1122 (E. D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." Brambles USA, Inc. v. Blocker, 735 F.Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Brambles USA, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); See also D. Del. LR 7.1.5.

    4. **Discussion.** Plaintiff asks the court to reconsider its decision dismissing his complaint. (D.I. 7) More particularly he argues that the case should not have been dismissed because he challenges the procedures that were used to convict him as illegal; he does not seek to overturn his conviction but seeks damages under § 1983; the claim is not barred by the limitations period; and a violation under Brady v. Maryland, 373 U.S. 83, (1962), occurred during his trial. Essentially, plaintiff disagrees with the court's dismissal of this lawsuit. The court has thoroughly reviewed the

complaint and the December 18, 2006 memorandum order. There is no need to correct a clear error of law or fact or to prevent manifest injustice. Moreover, plaintiff has not demonstrated any of the grounds necessary to warrant reconsideration and, therefore, his motion will be denied. Therefore, the motion for reconsideration is **denied**. (D.I. 7)

    5. Plaintiff's moves for appointment of counsel. (D.I. 8) The "decision to appoint counsel may be made at any point in the litigation, and may be made by a district court sua sponte." Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002). It is within the court's discretion to seek representation by counsel for plaintiff, but this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting. . .from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993)(representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

    6. The present case has no arguable merit in law and fact as discussed in the court's December 18, 2006 screening order. Therefore, the motion for appointment of counsel is **denied**. (D.I. 8)

    7. Plaintiff moves the court to extend the limitations period under the theory of equitable tolling. (D.I. 9) Plaintiff argues he is entitled to equitable tolling because procedural violations took place in his criminal case and he sought redress of those

violations in state court. Plaintiff contends that in seeking review of his criminal case, he tolled the limitations period for this § 1983 case.

8. Once again, plaintiff seeks to use a § 1983 action as a basis to overturn his criminal conviction. The court takes judicial notice that plaintiff's criminal conviction and sentence were affirmed and habeas corpus petitions denied. See Civ. Action No. 06-682-SLR. As a general rule, in a § 1983 claim the statute of limitations begins to run when plaintiff knew or had reason to know of the injury that forms the basis of the action. Carr v. Dewey Beach, 730 F.Supp. 591, 601 (D. Del.1990)  Under federal law, equitable tolling is appropriate in three general scenarios: (1) where a defendant actively misleads a plaintiff with respect to his cause of action; (2) where the plaintiff has been prevented from asserting his claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts his claims in a timely manner but has done so in the wrong forum. Lake v. Arnold, 232 F.3d 360, 370 n.9 (3d Cir. 2000).

9. Recently, the U.S. Supreme Court discussed the issue of equitable tolling, stating that it knew of "no support for the far-reaching proposition that equitable tolling is appropriate to avoid the risk of concurrent litigation." Wallace v. Kato, –U.S.–, 127, S.Ct. 1091, 1100 (2007). "Defendants need to be on notice to preserve beyond the normal limitations period evidence that will be needed for their defense; and a statute that becomes retroactively extended, by the action of the plaintiff in crafting a conficting-impugning cause of action is hardly a statute of repose." Id. at 1099. The pendency of plaintiff's state court litigation had no effect on the start or running of the limitations period, or on plaintiff's obligation to file a civil action within the applicable limitations period. Therefore, the motion to extend the limitations period (D.I. 9) is denied.

4

10. Plaintiff moves to consolidate this case with Civ. Action No. 07-84-SLR. (D.I. 10). Both cases have been dismissed as either frivolous, malicious, or barred by the applicable limitations period. Therefore, the motion is denied.

_____
UNITED STATES DISTRICT JUDGE